USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Jan 31 2022

20-cv-05823

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Rex Wu
Appellant

V

Lehman Brother Holding Inc., et al
Appellee

## Notice of Appeal

Rex Wu hereby files this notice of my intent to Appeal the orders MEMO ENDORSEMENT entered on January 25th, 2022 (Exhibit A) and MEMORANDUM OPINION AND ORDER entered on September 30th, 2021 (Exhibit B) to the United States Court of Appeals for the Second Circuit.

Dated this 28th day of January, 2022

Rex Wu
6315 N Campbell
Chicago, IL 60659
312-785-0348
rex_wu@live.com
Pro Se

Exhibit A

# Weil, Gotshal & Manges LLP

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Garrett Fail**
+1 (212) 310-8451
Garrett.Fail@weil.com

**Gregory Silbert**
+1 (212) 310-8846
Gregory.Silbert@weil.com

January 19, 2022

Via ECF and Mail

Honorable Ronnie Abrams
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Rex Wu v. Lehman Brothers Holdings Inc.*, et al., Case No. 20-cv-05823

Dear Judge Abrams:

We write on behalf of Lehman Brothers Holdings Inc. ("**LBHI**"), appellee in the above-referenced case. On September 30, 2021, Your Honor dismissed the appeal and directed this case to be closed. We write in response to the *Motion for Reconsideration* (ECF No. 12) (the "**Motion**") and the letter (ECF No. 13) filed by Mr. Rex Wu ("**Appellant**"), appellant in the case. The Motion seeks to reopen the appellate case after the case was closed on September 30, 2021 and reconsider the Court's decision on the basis of an irrelevant Supreme Court decision issued several years ago. Unless requested by the Court, LBHI will submit no further response to Appellant's motion because it offers no legitimate ground for reconsideration and is part of Appellant's persistent pattern of meritless and dilatory filings.

As set forth in the record on appeal, over the last four years, Appellant filed numerous, repetitive requests in the Bankruptcy Court and on appeals in this Court. Each of the requests was denied in a series of decisions; one Bankruptcy Court decision led to the case before Your Honor.

Notwithstanding the appeal before Your Honor, Appellant continued to file pleadings raising the same issues in the Bankruptcy Court. The recent wave of Appellant's Bankruptcy Court filings led the Bankruptcy Court to issue a written opinion on November 18, 2021 (*see* ECF No. 61352, Case No. 08-13555 (SCC), the "**November Decision**", a copy of which is attached hereto). In the November Decision,

The Honorable Ronnie Abrams                                                             **Weil, Gotshal & Manges LLP**
January 19, 2022
Page 2

the Bankruptcy Court excused LBHI from responding to any further pleadings filed by Appellant to the extent that they relate to the same subject matter because each time LBHI addresses such pleadings (whether in a reply or attending a hearing), LBHI incurs costs and expenses that directly reduce recoveries that would otherwise go to LBHI's impaired creditors.

Following the November Decision, Appellant appears to have shifted his practice to filing pleadings with this Court. By his Motion, Appellant once again repeats arguments that the Bankruptcy Court and this Court found meritless.

If the Court considers Appellant's filings, LBHI respectfully requests that the Court deny Appellant's requests without further briefing.

Respectfully submitted,

/s/ Garrett Fail

cc:  Gregory Silbert, Weil, Gotshal & Manges LLP
     Mr. Rex Wu (by email and mail)

Application granted.

No further response is required by Appellee at this time.

The Clerk of Court is respectfully directed to mail a copy of this order to Mr. Wu.

SO ORDERED.

Hon. Ronnie Abrams
01/25/22

WEIL:\98444871\2\58399.0011

Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REX WU,

    Appellant,

    v.

LEHMAN BROTHERS HOLDINGS INC.,

    Appellee.

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 09/30/21

20-CV-5823 (RA)

MEMORANDUM
OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

    As noted in another opinion, filed simultaneously with this one, *Waske v. Lehman Brothers Holdings Inc.*, No. 20 Civ. 5083, Dkt. No. 8 (S.D.N.Y. Sept. 30, 2021), a group of pro se litigants have filed a series of motions in the Lehman Brothers Chapter 11 case seeking to recover from Lehman Brothers based on a novel reading of a trust securities prospectus. Appellant Rex Wu is one such litigant, and his motion to file a late claim was denied by the bankruptcy court in 2019. *See In re Lehman Brothers Holdings Inc., et al.*, No. 08-13555, Dkt. Nos. 59614, 59801 (Bankr. S.D.N.Y. April 8, 2019) (hereinafter "Lehman Dkt."). Mr. Wu did not appeal this decision. An appeal was filed, however, by another pro se litigant, Mr. Dan Ianello, who had joined Mr. Wu's motion in the underlying action, but had not filed a motion of his own in bankruptcy court. In a three-page order, Judge Engelmayer explained why Mr. Ianello did not have standing, and denied the appeal on that ground. *See Ianello v. Lehman Brothers Holdings Inc.*, No. 19 Civ. 06397, Dkt. No. 15 (S.D.N.Y. March 30, 2020) (Even "[i]f Wu's motion below had been granted by the Bankruptcy Court, it would not have given Ianello permission to file a proof or claim against LBHI.")

Mr. Wu is in the same position in the instant case. Mr. Wu joined a motion by another pro se litigant, Mr. Joseph Waske, without filing his own motion. *See* Lehman Dkt. 60337. When Mr. Waske's motions were denied—motions which were, substantively, the same as Mr. Wu's previous motions—Mr. Wu brought this appeal based on his joinder to Mr. Waske's motion. Having not made his own motion, Mr. Wu is now in the same position as Mr. Ianello was and for the reasons stated by Judge Engelmayer, Mr. Wu thus lacks standing to bring this claim. *See Ianello*, No. 19 Civ. 06397, Dkt. No. 15.

Even if Mr. Wu did have standing, his appeal would be denied for the reasons outlined in the Court's opinion and order denying Mr. Waske's appeal, which is incorporated herein. *See Waske v. Lehman Brothers Holdings Inc.*, No. 20 Civ. 5083, Dkt No. 8 (S.D.N.Y. September 30, 2021).

Not only are the legal issues the same, but like Mr. Waske, Mr. Wu was also given an opportunity to be heard, both in writing and briefly at oral argument. *See* Dkt. 7-2, App. Part II, A634–A636, Bankruptcy Court Hr'g Tr. 12:9-14:15. Mr. Wu objects, in particular, to the bankruptcy court's refusal to hear his arguments on the "Neuberger Berman" issue, but it was in the court's discretion to conclude that no oral argument was necessary on that issue. This proper exercise of discretion does not form the basis for a due process violation. *See Waske*, No. 20 Civ. 5083, Dkt. No. 8, at 11. Mr. Wu was thus not deprived of due process and his appeal on that ground is meritless.

## CONCLUSION

For the foregoing reasons, Mr. Wu's appeal is dismissed in its entirety, and Clerk of Court is respectfully directed to close this case.

Lehman Brothers Holdings Inc. is directed to serve a copy of this order on Mr. Wu and to file proof of service on the docket.

SO ORDERED.

Dated:  September 30, 2021
        New York, New York

_____
RONNIE ABRAMS
United States District Judge